IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:12-cr-106-ECM |
| | ) | (WO) |
| WILLIAM BRANDON BOLAND | ) | |

## MEMORANDUM OPINION and ORDER

Now pending before the Court is the Defendant's motion to modify the conditions of his supervised release (doc. 48). For the reasons that follow, the motion will be granted.

On August 28, 2013, the Defendant was sentenced to ninety-three months of incarceration for distribution of child pornography. (Doc. 45). A life term of supervised release was imposed. (*Id*. at 3). A special condition of supervision was imposed that prohibited the Defendant from possessing or using a computer.

> The defendant shall not possess or use a computer or any device that can access the internet; except that you may, with the approval of the probation officer, use a computer in connection with authorized employment. Defendant shall consent to third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed on him.

(*Id.* at 4).

The Defendant seeks a modification of this condition to permit him "to have access to and use a computer for the purpose of seeking employment." (Doc. 48). The government opposes allowing Boland unrestricted access to computers or the internet, (doc. 51 at 2), but does not oppose permitting modification provided that Boland's probation officer can install a monitoring device and that Boland paid for the device and monitoring fee.

Upon consideration of the motion, and for good cause, it is

ORDERED that the Defendant's motion to modify conditions of release (Doc. 48) is GRANTED as follows:

1.    The Defendant's supervised release condition contained in paragraph 8 of the Judgment is MODIFIED to read:

> The defendant shall not possess or use a computer or any device that can access the internet, without a monitoring device and service to supervise computer and internet activity; the defendant may, with the approval of the probation officer, use a computer in connection with authorized employment, or for the limited purpose or obtaining employment. The defendant shall consent to the installation of a monitoring device and shall be responsible for all costs related thereto. Defendant shall consent to third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed on him.

Nothing in this Order alters the Probation Officer's authority to set restrictions and limitations on Boland's computer and internet usage, and the modification is restricted to the limited purpose of obtaining or maintaining employment.

Done this the 11th day of March, 2021.

                /s/Emily C. Marks    
             EMILY C. MARKS
             CHIEF UNITED STATES DISTRICT JUDGE