# UNITED STATES DISTRICT COURT

Middle District of Alabama

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |
| WILLIAM BRANDON BOLAND | |
| | Case No.  2:12cr106-ECM-SMD |
| | USM No.  14015-002 |
| | Rachel Judge |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ admitted guilty to violation of condition(s) _____ of the term of supervision.

☑ was found in violation of condition(s) count(s)  1 and 2   after denial of guilt of violation 2; after pleading no contest to violation 1.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Possession or use of a device that can access the internet | 12/20/2022 |
| 2 | Possession of pornography, sexually stimulating or sexually oriented material depicting children under the age of 18 | 12/20/2022 |

The defendant is sentenced as provided in pages 2 through  5  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.:  9589

Defendant's Year of Birth:  1971

City and State of Defendant's Residence:
Montgomery, Alabama

04/06/2023
Date of Imposition of Judgment

/s/ Emily C. Marks
Signature of Judge

Emily C. Marks, Chief United States District Judge

4/13/2023
Date

AO 245D (Rev. 02/18)   Judgment in a Criminal Case for Revocations
　　　　　　　　　　   Sheet 2— Imprisonment

Judgment — Page 2 of 5

DEFENDANT: WILLIAM BRANDON BOLAND
CASE NUMBER: 2:12cr106-ECM-SMD

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

24 Months. The term of Supervised Release imposed on August 28, 2013 is revoked.

☑ The court makes the following recommendations to the Bureau of Prisons:

That the defendant be designated to a facility where sex offender treatment is available.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
　　☐ at _____ ☐ a.m. ☐ p.m. on _____.
　　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
　　☐ before 2 p.m. on _____.
　　☐ as notified by the United States Marshal.
　　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. 02/18)   Judgment in a Criminal Case for Revocations
Sheet 3 — Supervised Release

Judgment—Page 3 of 5

DEFENDANT: WILLIAM BRANDON BOLAND
CASE NUMBER: 2:12cr106-ECM-SMD

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

Life

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245D (Rev. 02/18)   Judgment in a Criminal Case for Revocations
       Sheet 3A — Supervised Release

Judgment—Page 4 of 5

DEFENDANT: WILLIAM BRANDON BOLAND
CASE NUMBER: 2:12cr106-ECM-SMD

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245D (Rev. 02/18)   Judgment in a Criminal Case for Revocations
　　　　　　　　　　　Sheet 3D — Supervised Release

Judgment—Page 5 of 5

DEFENDANT: WILLIAM BRANDON BOLAND
CASE NUMBER: 2:12cr106-ECM-SMD

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall register as a sex offender as required by law.

2. The defendant shall submit to a search of his person, residence, vehicle, papers, computer, or other electronic communications or data storage devise or media, and effects to a search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct, and any probation officer in the lawful discharge of the officer's supervision functions.

3. The defendant shall not possess any form of pornography, or any sexually stimulating or sexually oriented material depicting children under the age of 18. The defendant shall not enter any location where such pornography or erotica can be accessed, obtained or viewed.

4. The defendant shall not have contact with children under the age of 18 and shall refrain from entering any place where children normally congregate, without the written approval of the Court.

5. The defendant shall participate in a program approved by the United States Probation Office for the treatment and monitoring of sex offenders, to include polygraph testing if determined necessary by the treatment provider and/or the supervising probation officer.

6. The defendant shall participate in a mental health treatment program approved by the United States Probation Office as directed and contribute to the cost of any treatment based on ability to pay and the availability of third-party payments.

7. The defendant shall not possess or use a computer or any device that can access the internet; except that he may, with approval of the probation officer, use a computer in connection with authorized employment. The defendant shall consent to third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed on him.